# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SUNEEL J. NELSON, BAR NO. 12052.

No. 82642

**FILED**

JUN 07 202[.]

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Suneel J. Nelson be suspended from the practice of law in Nevada for one year, to run concurrent with the suspension imposed in *In re Discipline of Nelson*, Docket No. 81950 (Order of Suspension, Mar. 29, 2021), based on violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.5 (fees), RPC 1.16 (declining or terminating representation), and RPC 3.4 (fairness to opposing party and counsel).

The State Bar has the burden of showing by clear and convincing evidence that Nelson committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Nelson failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Nelson violated the above-referenced rules by (1) failing to provide his client with a written retainer agreement after she paid $500 for costs and failing to explain to her how the contingency fee arrangement works and that she could be held

---

[1]The State bar sent copies of the complaint and notice of intent to take default to Nelson at his SCR 79 and home addresses via regular and certified mail and via email to his SCR 79 email address. These documents were personally served on him roughly three weeks before the formal disciplinary hearing.

21-16192

liable for the defendants' costs; (2) failing to advance the client's personal injury claim after filing the complaint on her behalf one minute before the statute of limitations expired; (3) failing to timely withdraw his representation after telling the client he could not continue representing her; and (4) failing to serve the defendants with the complaint and a summons while he was still counsel of record, resulting in dismissal of the complaint as to one defendant after the client was unable to complete service on her own within the extended deadline for doing so.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Nelson knowingly violated duties owed to his client. His conduct harmed his client, as she had her complaint dismissed against a defendant without it being heard on the merits. The baseline sanction for the misconduct, before consideration of aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when . . . a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). The panel found and the record supports two aggravating circumstances (prior

disciplinary offenses and a pattern of misconduct) and no mitigating circumstances.

Considering all the factors, we agree with the panel's recommendation for a one-year suspension. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney). Accordingly, we hereby suspend attorney Suneel J. Nelson from the practice of law in Nevada for one year commencing from the date of this order and to run concurrent with the suspension imposed in Docket No. 81950. Nelson shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:  Chair, Southern Nevada Disciplinary Board
     Suneel J. Nelson
     Bar Counsel, State of Nevada
     Executive Director, State Bar of Nevada
     Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A